UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IESHA HASAN, INDIVIDUALLY, AND ON BEHALF OF HER MINOR SON, J.A. | CIVIL ACTION |
| VERSUS | NO. 18-7779 |
| MCCORMACK BARON MANAGEMENT, INC. | SECTION "E" (2) |

**ORDER AND REASONS ON MOTION**

This is a personal injury lawsuit originally instituted in state court by plaintiff, Iesha Hasan, in her individual capacity and on behalf of her minor son, J.A., against defendant, McCormack Baron Management, Inc. It was subsequently removed to this court on grounds of diversity of citizenship jurisdiction. Plaintiff alleges that while she was a tenant at Harmony Oak Apartments, a residential apartment building allegedly "owned, supervised and/or controlled" by defendant, the plumbing system located on the roof was defective, which led to water leaks "onto the roof of the rooms of [plaintiff's] apartment . . . as well [as] leaky and dysfunctional air conditioning units and appliances." Record Doc. No. 1-2 at ¶¶ III - IV. Plaintiff avers that "[t]he damp conditions caused mold to appear in [her] apartment . . . and damage to [her] personal property." Id. at ¶ IV. Plaintiff seeks compensatory damages for physical and mental injuries allegedly sustained by herself and her son. Record Doc. No. 1-2 at p. 9, ¶ XVIII.

Defendant's Motion to Compel Plaintiffs' Rule 35 Independent Medical Examinations, Record Doc. No. 34, is currently pending before me. Plaintiff filed a timely opposition memorandum. Record Doc. No. 35. Defendant was permitted to file a reply. Record Doc.

Nos. 40, 43, 44. Having considered the written submissions of counsel, the record and the applicable law, IT IS ORDERED that the motion is GRANTED for the following reasons.

This motion is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part:

> The court where the action is pending may order a party whose <u>mental or physical condition</u> . . . <u>is in controversy</u> to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion <u>for good cause</u> . . . and must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it.

(emphasis added.) An order for a physical or mental examination of a party is not granted as of right. When, as here, a motion for a Rule 35 examination is contested, the matter is firmly left to the discretion of the trial court. <u>Spencer v. Hercules Offshore, Inc.</u>, 2014 WL 1681736, at *2 (E.D. La. Apr. 28, 2014) (Vance, J.) (citing <u>Hardy v. Riser</u>, 309 F.Supp. 1234, 1241 (N.D. Miss. 1970) (citing <u>Teche Lines v. Boyette</u>, 111 F.2d 579, 581 (5th Cir. 1940))).

All essential requirements of Rule 35(a) are satisfied in this instance. The record establishes that this is a personal injury case in which the nature, scope and circumstances of plaintiffs' physical and mental conditions allegedly resulting from exposure to mold are disputed and in controversy. Record Doc. Nos. 1-2 at p. 5, ¶¶ V-VI; 1-2 at p. 9; 34-1. While plaintiff argues that a Rule 35 examination is not warranted because neither she nor her son are "currently receiving medical treatment for the subject physical condition[s]," Record Doc. No. 35 at p. 2, the United States Supreme Court has held that a plaintiff "who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and

2

provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119 (U.S. 1964). Plaintiff expressly alleges mental and physical injuries in her complaint arising from exposure to mold. These alleged injuries and the conditions that constitute them are clearly in controversy.

    Defendant's proposed examiner and the place, manner, conditions and scope of the proposed examinations are all properly specified. The proposed examiner is Dr. Harold James Wedner, a physician who specializes in allergy and immunology. Record Doc. No. 34-5 at p. 2. Allergy and immunological problems are precisely the kinds of conditions frequently linked to mold exposure. The qualifications of the proposed examiner are established in the attachments to the motion papers, and he is suitably licensed or certified. Defendant states that the proposed examinations will last for about three hours, a reasonable amount of time, and will take place on June 24, 2019 at 9:00 a.m. at 3645 Houma Boulevard, Metairie, LA 70006. Plaintiff's argument in her opposition that the scope of the requested examination is burdensome and overly broad, Record Doc. No. 35 at pp. 3-4, is without merit. The scope of examination is appropriately limited to "[taking] a standard history and background (present illness, past medical history, family history, social history, review of symptoms . . . a routine physical examination (skin, head, ears, eyes, nose, throat, bones,

joints, neck, chest, lungs, abdomen and extremities . . . [and a] routine pulmonary spirometry[1] will be performed with a hand held spirometer."[2] Record Doc. No. 34-4 at p. 1. Placing further limits on this examination "'would subvert the truth finding [sic] function inherent in Rule 35 examinations,'" Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 398 (S.D. Tex. 2013) (citing Abdulwali v. Washington Metro Area Transit Authority, 193 F.R.D. 10, 15 (D.D.C. Apr. 18, 2000); Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 196, 202, (N.D. Tex. Aug. 4, 1995)). Plaintiff has not shown that Dr. Wedner's proposed examination would be dangerous, harmful or unduly invasive. See Newman v. San Joaquin Delta Community College Dist., 272 F.R.D. 505, 512 (E.D. Cal. Feb. 15, 2011) (acknowledging that "the court is not a medical professional," and thus refusing to limit the proposed testing "absent a showing of danger or actual harm").

In her opposition, plaintiff argues that she "has executed several medical authorization forms [which] defendant has used to obtain all of the pertinent medical records." Record Doc. No. 35 at p. 3. This argument is unpersuasive. A review of cold medical records is no substitute for an in-person examination by a doctor, as sought in the instant motion.

---

[1] Spirometry is "the measurement of the breathing capacity of the lungs, such as in pulmonary function tests." Dorland's Illustrated Medical Dictionary 1680 (29th ed. 2000).

[2] A spirometer is "an instrument for measuring the air inhaled into and exhaled from the lungs, such as in pulmonary function tests." Id.

Under these circumstances, good cause to support the Rule 35 examination requested by defendant is established. Accordingly, **IT IS ORDERED** that plaintiffs, Iesha Hasan and her minor son, J.A., must appear on **June 24, 2019 at 9:00 a.m.** for a medical examination by Dr. Harold James Wedner, 3645 Houma Boulevard, Metairie, LA 70006, the scope of which is limited as described above. The date, time and place set forth in this order may be varied only upon written stipulation of the parties or on motion and order of the court for good cause shown.

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE